**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of __Delaware__
                                 (State)

Case number (If known): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | NewAge, Inc. |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as* names | American Brewing Company, Inc. <br> New Age Beverages Corporation <br> Bucha, Inc. |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 2 7 – 2 4 3 2 2 6 3 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 7158 S. FLSmidth Dr. <br> Number  Street <br> Suite 250 <br> _____ <br> Midvale     Utah     84047 <br> City     State     ZIP Code <br><br> Salt Lake <br> County | _____ <br> Number  Street <br> _____ <br> P.O. Box <br> _____ <br> City     State     ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br> _____ <br> Number  Street <br> _____ <br> _____ <br> City     State     ZIP Code |

5. **Debtor's website (URL)**    https://newage.com/

Debtor  **NewAge, Inc.**
_____
Name

Case number (*if known*)_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

7. **Describe debtor's business**

    A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
    ☐ Railroad (as defined in 11 U.S.C. § 101(44))
    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
    ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
    ☒ None of the above

    B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    3 1 2 1

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

    A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

    *Check one:*

    ☐ Chapter 7
    ☐ Chapter 9
    ☒ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

Debtor __NewAge, Inc._____    Case number (*if known*)_____
         Name

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☒ No
   ☐ Yes.  District _____ When _____ Case number _____
                                        MM / DD / YYYY
           District _____ When _____ Case number _____
                                        MM / DD / YYYY

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☒ Yes.  Debtor  See attached Schedule 1_____   Relationship _____
            District _____   When _____
                                                            MM / DD / YYYY
            Case number, if known _____

11. **Why is the case filed in *this district*?**

    Check all that apply:

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☒ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply*.)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number     Street
                              _____
                              _____  _____ _____
                              City                                State ZIP Code

    **Is the property insured?**
    ☐ No
    ☐ Yes. Insurance agency _____
           Contact name       _____
           Phone              _____

---

**Statistical and administrative information**

Debtor      __NewAge, Inc._____      Case number (*if known*)_____
                Name

| 13. **Debtor's estimation of available funds** | Check one:<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
|---|---|

| 14. **Estimated number of creditors** * | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|

| 15. **Estimated assets** * | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

| 16. **Estimated liabilities** * | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __08/30/2022__
             MM  /  DD  /  YYYY

✗     __/s/ Lawrence Perkins_____          __Lawrence Perkins_____
      Signature of authorized representative of debtor      Printed name

      Title   __Chief Restructuring Officer_____

*Answers to Questions 14-16 are on a consolidated basis with affiliated Debtors.

Debtor __NewAge, Inc._____  Case number (if known)_____
          Name

18. **Signature of attorney**  ✗  __/s/ Dennis A. Meloro_____  Date  __08/30/2022__
                                  Signature of attorney for debtor                MM / DD / YYYY

    Dennis A. Meloro
    _____
    Printed name
    Greenberg Traurig, LLP
    _____
    Firm name
    1007 North Orange Street, Suite 1200
    _____
    Number     Street
    Wilmington                                          DE          19801
    _____     _____    _____
    City                                                State      ZIP Code

    (302) 661-7000                                      Dennis.Meloro@gtlaw.com
    _____                    _____
    Contact phone                                       Email address

    4435                                                Delaware
    _____                    _____
    Bar number                                          State

Debtor: <u>NewAge, Inc.</u>   Case number (*if known*) _____
        Name

# SCHEDULE 1 TO VOLUNTARY PETITION
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have filed a motion requesting that the chapter 11 cases of these be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| Company |
| --- |
| Ariix LLC |
| Morinda Holdings, Inc. |
| Morinda, Inc. d/b/a Noni by NewAge |
| NewAge, Inc. |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEWAGE, INC., | Case No. 22-_____ (__) |
| Debtor. | |

**Attachment to Voluntary Petition for Non-Individuals Filing**
**For Bankruptcy Under Chapter 11**

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is <u>333-254467</u>.

2. The following financial data is the latest available information and refers to the debtor's condition on <u>December 31, 2021</u>.

    a. Total assets     <u>$310,902,000</u>

    b. Total debts (including debts listed in 2.c., below)     <u>$149,447,000</u>

    c. Debt securities held by more than 500 holders

Approximate number of holders:

| | | | | |
|---|---|---|---|---|
| secured ___ | unsecured ___ | subordinated ___ | $ <u>N/A</u> | <u>N/A</u> |
| secured ___ | unsecured ___ | subordinated ___ | $ <u>N/A</u> | <u>N/A</u> |
| secured ___ | unsecured ___ | subordinated ___ | $ <u>N/A</u> | <u>N/A</u> |

    d. Number of shares of preferred stock     <u>0</u>

    e. Number of shares common stock     <u>146,812,746</u>

Comments, if any: <u>Total assets and debts are listed as set forth in the Debtors' consolidated balance sheet with wholly-owned subsidiaries. The number of outstanding shares of stock is current as of November 5, 2021.</u>

3. Brief description of debtor's business: <u>NewAge, Inc. is a developer, seller, and distributor of health and nutritional products which predominantly sells through a sales network of brand partners.</u>

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor: <u>Cooper Family Investments, LP.</u>

**UNANIMOUS WRITTEN CONSENT
OF THE
SPECIAL COMMITTEE
OF
NEWAGE, INC.**

**(a Delaware corporation)**

The undersigned, being all of the members of the Special Committee (the "Committee") of NewAge, Inc., a Delaware corporation (the "Company"), and acting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware (the "DGCL"), do hereby consent to the adoption of and do hereby adopt the following resolutions by written consent in lieu of a meeting:

**WHEREAS,** the board of directors of the Company (the "Board") previously designated, appointed and established the Committee, consisting of Ed Brennan and Amy L. Kuzdowicz, members of the Board who were found by the Board to be independent and disinterested, to review and consider, to the fullest extent permitted by applicable law, various potential strategic alternatives to the Company's existing business plan, including, but not limited to, a possible sale, restructuring, financing or reorganization (by means of a merger, consolidation, asset sale, equity sale whether in the normal course or through a bankruptcy proceeding or otherwise) of the Company and any other alternative transaction;

**WHEREAS**, the Committee has considered presentations by the Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, and the Committee has had the opportunity to consult with the Company's Management and Advisors and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Committee has determined that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company be authorized to file or cause to be filed a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware or in any other court of competent jurisdiction (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be necessary, appropriate, or desirable under applicable law in the United States;

**WHEREAS**, the Committee has determined that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company retain and appoint professionals, as necessary, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, with a view to the successful prosecution of the Chapter 11 Case;

WHEREAS, the Board previously appointed Lawrence Perkins of SierraConstellation Partners LLC as chief restructuring officer (the "CRO") to assist the Company with a potential restructuring or other strategic transactions; and

WHEREAS, the Committee has determined that it is desirable and in the best interests of the Company to take the following actions and adopt the following resolutions.

## I. CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that the CRO and any officer of the Company, including for the avoidance of doubt, Ed Brennan, in his capacity as interim Chief Executive Officer of the Company (each, an "Authorized Person" and collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, be and each of them hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to file or cause to be filed the Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to negotiate, execute, deliver, file, and record all petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, orders, and other documents (collectively, the "Chapter 11 Documents"), and to take any and all action such Authorized Person determines to be necessary, appropriate, or desirable in connection with the Chapter 11 Case (including, without limitation, to pay fees, expenses, and taxes and to take any action to maintain the ordinary course operation of the Company's business) (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

## II. RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the law firm of Greenberg Traurig, LLP ("Greenberg Traurig"), as the Company's counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any Chapter 11 Documents, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain Greenberg Traurig, in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered and directed, for, in the name of and on behalf of the Company, to execute, deliver and perform under any engagement letters in connection with the Company's retention of, and representation by, Greenberg Traurig;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ the firm of

SierraConstellation Partners LLC ("SCP"), as the Company's financial advisor, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, and, in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain SCP in accordance with applicable law;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to employ any other professionals to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, each Authorized Person, with power of delegation, is hereby authorized, empowered, and directed, in the name of and on behalf of the Company, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as such Authorized Person determines is necessary, appropriate, or desirable (including, without limitation, special counsel to the extent determined necessary, appropriate, or desirable), (any such determination to be conclusively evidenced by the taking of any such action by such Authorized Person);

### III.  GENERAL

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to negotiate, execute, deliver, file, and record any amendments, restatements, supplements, or other modifications to the Chapter 11 Documents, and all other agreements, documents, and instruments contemplated by these resolutions which such Authorized Person shall determine are necessary, appropriate, or desirable (any such determination to be conclusively evidenced by such Authorized Person's execution and delivery thereof);

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon each Authorized Person, such Authorized Person (and such Authorized Person's designees and delegates) be, and hereby is, authorized, empowered, and directed, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to negotiate, execute, deliver, file, and record any and all such agreements, documents, and instruments, and to pay all expenses and fees (including but not limited to filing fees) in each case as in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein (any such action to be conclusive evidence that such person deemed the same to meet such standard);

**FURTHER RESOLVED**, that the Committee has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Bylaws of the Company and/or the DGCL, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts, actions, or transactions were taken or consummated before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, action, or transaction had been specifically authorized in advance by resolution of the Committee; and

**FURTHER RESOLVED**, that this consent may be signed in multiple counterparts each of which when taken together shall constitute one document.

*[Continued on following page]*

IN WITNESS WHEREOF, the undersigned have signed this Unanimous Written Consent as of the date set forth below each Committee member's name.

DocuSigned by:

*[signature]*
—2413C4DC3BE0499...

Ed Brennan
Date: August 30, 2022

Amy L. Kuzdowicz
Date:

IN WITNESS WHEREOF, the undersigned have signed this Unanimous Written Consent as of the date set forth below each Committee member's name.

Ed Brennan
Date:

Amy L. Kuzdowicz
Date: August 30, 2022

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>NEWAGE, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 22-_____ (\_\_) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, no person or entity directly or indirectly owns 10% or more of any class of the equity interests of NewAge, Inc. (the "**Debtor**"), to the best of the Debtor's knowledge and belief.

| Fill in this information to identify the case: |
| --- |
| Debtor name __**NewAge, Inc., et al.**__ |
| United States Bankruptcy Court for the: _____ District of **Delaware** (State) |
| Case number (If known): _____ |

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* 12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **TCI Biotech LLC**  737 East 1180 South  American Fork, UT 84003 | Remi Lee  P: 385-202-8828  Remi.Lee@tci-bio.com | Trade debts | U,D | | | $2,503,155.16 |
| 2 | **Zennoa, LLC**  PO Box 577  Island Park, ID 83429 | Bryant Joseph Wadsworth  bjwadsworth@gmail.com | Trade debts | U,C | | | $1,627,271.26 |
| 3 | **Miller & Chevalier Chartered, Inc.**  900 16th Street NW  Washington, DC 20006-2901 | John Davis  P: 202-626-5913  jdavis@milchev.com | Professional Services | | | | $1,429,837.56 |
| 4 | **Deloitte & Touche LLP**  111 South Main St. Suite 1500  Salt Lake City, UT 84111-1919 | Ken Scriber  kscriber@deloitte.com | Professional Services | | | | $1,317,128.00 |
| 5 | **Internal Revenue Service**  Centralized Insolvency Operation  Post Office Box 7346  Philadelphia, PA 19101-7346 | | Tax | | | | $488,960.69 |
| 6 | **SelectHealth**  5381 Green Street  Murry, UT 84123 | Jen Simonsen  P: 801-442-7724  Jennifer.simonsen@selecthealth.org | Health benefits | | | | $448,944.43 |
| 7 | **Ernst & Young U.S. LLP**  3712 Solution Center  Chicago, IL 60677-3007 | Laura A Dyer  Laura.Dyer@ey.com | Professional Services | | | | $283,957.00 |
| 8 | **Mavie**  6 Temasek Boulevard  09-05 Sunteck Tower Four, 38986  Singapore | Abboud Barakat  ab@levant.me | Trade debts | | | | $270,623.00 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 1

Debtor Name    **NewAge, Inc., et al.**            Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Barnes & Thornburg LLP**  299 S Main Street  Suite 1825  Salt Lake City, UT 84111 | Ken Horton  P: 214-258-4102  Kenneth.Horton@btlaw.com | Professional Services | | | | $209,352.95 |
| 10 | **2420 17th Street, LLC**  4400 Macarther Blvd  Suite 700  Newport Beach, CA 92660 | Casey Boes  P: 720-610-1682  Casey.Boes@cbre.com | Lease | C | $247,588.67 | $38,740.00 | $208,848.67 |
| 11 | **Sidley Austin LLP**  787 Seventh Avenue  New York, NY 10019 | Karen Popp  P: 202-736-8053  Kpopp@sidley.com | Professional Services | | | | $205,304.33 |
| 12 | **Cargo Link International, Inc**  881 South 3760 West  Salt Lake City, UT 84104 | Nicole Fenton  P: 801-975-9336  nfenton@cargolink.com | Trade debts | | | | $167,288.54 |
| 13 | **Aries Global Logistics, Inc.**  365 Franklin Avenue  Franklin Square, NY 11010 | Aaron Peterson  P: 516-328-2500  aaron.peterson@ariesgl.com | Trade debts | | | | $166,562.76 |
| 14 | **Marriott International Inc, - JW Marriott Orlando Grande Lakes**  4040 Central Florida Parkway  Orland, FL 32837 | Kathy Lebron-Diaz  F: 407-393-4855  Kathy.Lebron-Diaz@Marriott.com | Trade debts | U | | | $134,190.00 |
| 15 | **Wasatch Products Development LLC**  427 W. 11950 S.  Draper, UT 84020 | Giselle Gomez  P: 385-342-1041  Ggomez@wasatchlabs.com | Trade debts | | | | $131,388.64 |
| 16 | **SFIC**  4040 Pike Lane  Concord, CA 94520 | Jen Ryerson  P: 925-689-2414  jen@sficcorp.com;  info@sficcorp.com | Trade debts | | | | $127,301.01 |
| 17 | **Faegre Drinker Biddle & Reath LLP**  1144 15th Street  Suite 3400  Denver, CO 80202 | Jeff Sherman  jeff.sherman@faegredrinker.com | Professional Services | | | | $122,646.47 |
| 18 | **Stevens Global Logistics, Inc**  PO Box 729  Lawndale, CA 80260-0729 | Alejandro Cruz  P: 800-229-7284  alejandroc@stevensglobal.com | Trade debts | | | | $116,545.00 |
| 19 | **Lexyl Travel Technologies LLC**  205 Datura Street  10th Floor  West Palm Beach, FL 33401 | Neil Valentine - Chief Strategy Officer  P: 1-800-898-1347 x 202 | Executory contracts | | | | $115,595.49 |
| 20 | **Vision 68th, LLC**  574 Santa Fe Drive #300  Denver, CO 80204 | Connie Vaughn  P: 303-219-5888  Cvaughn@wheelhousecommercial.com | Lease | C | | | $114,855.46 |

Debtor Name      **NewAge, Inc., et al.**         Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Embark Consulting, LLC**<br>26 S. Rio Grande Ste 2072<br>Salt Lake City, UT 84101 | Steve Lake<br>P: 801-699-2892<br>s.lake@embarkwithus.com | Professional Services | | | | $114,592.28 |
| 22 | **HubSpot Inc.**<br>25 First St.<br>Cambridge, MA 02141 | Adam Rubin<br>P: 857-829-5542<br>arubin@hubspot.com | Executory contracts | | | | $113,638.56 |
| 23 | **KLDiscovery Ontrack LLC**<br>8201 Greensboro Drive<br>Suite 300<br>McLean, VA 22102 | Johnny Haro<br>P: 571-422-1298<br>johnny.haro@KLDiscovery.com | Professional Services | | | | $107,445.18 |
| 24 | **Oracle America, Inc.**<br>500 Oracle Parkway<br>Redwood Shores, CA 94065 | P: 888-803-7414<br>collections_us@oracle.com | Executory contracts | | | | $107,292.05 |
| 25 | **Sun Life Assurance Company of Canada (US Branch)**<br>PO Box 7247-7184<br>Philadelphia, PA 19170-7184 | Jessica Kenel<br>P: 781-446-1389 ext. 4031389<br>jessica.uliasz.kennel@sunlife.com | Trade debts | | | | $106,610.77 |
| 26 | **Dickinson Wright LLP**<br>1850 North Central Avenue<br>Suite 1400<br>Phoenix, AZ 85004-4568 | Timothy Strong<br>P: 602-285-5000<br>Tstrong@dickinson-wright.com | Professional Services | | | | $90,961.57 |
| 27 | **SOFTCHOICE Corporation**<br>16609 Collections Center Drive<br>Chicago, IL 60693 | James McCormack<br>P: 888-549-7638 X222272<br>James.McCormack@Softchoice.com | Trade debts | | | | $70,232.60 |
| 28 | **Sheppard Mullin Richter & Hampton LLP**<br>333 South Hope Street 43rd Floor<br>Los Angeles, CA 90071-1422 | Charbel Lahoud<br>P: 213-617-4182<br>clahoud@sheppardmullin.com | Professional Services | | | | $68,342.40 |
| 29 | **Amazon Web Services, Inc.**<br>410 Terry Avenue North<br>Seattle, WA 98109 | Vasu Acharya<br>P: 1-833-448-2289<br>aws-receivables-support@email.amazon.com | Trade debts | | | | $59,393.18 |
| 30 | **Bona Law PC**<br>4275 Executive Square<br>Suite 200<br>La Jolla, CA 92037 | Jarod Bona<br>P: 858-964-4589<br>jarod.bona@bonalawpc.com | Professional Services | | | | $58,414.50 |

*On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtor with respect to all or any portion of the claims contained herein. Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

**Fill in this information to identify the case and this filing:**

Debtor Name ___NewAge, Inc._____

United States Bankruptcy Court for the: _____ District of __Delaware___
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration___Form 201A and Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  __08/30/2022__        ✘  ___/s/ Lawrence Perkins_____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

                                        ___Lawrence Perkins_____
                                        Printed name

                                        ___Chief Restructuring Officer___
                                        Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**