# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NEWAGE, INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 22-10819 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: March 13, 2023 at 4:00 p.m.** |

## DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER ENLARGING THE TIME WITHIN WHICH TO FILE NOTICES OF REMOVAL

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby move this Court (the "**Motion**"), pursuant to Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), further enlarging the time within which to file notices of removal of proceedings pursuant to Bankruptcy Rule 9027(a). In support of the Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). Under Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to entry of a final order under

---

[1] The last four (4) digits of each of the Debtors' federal tax identification number are NewAge, Inc., (2263), Ariix LLC (9011), Morinda Holdings, Inc. (9756), and Morinda, Inc. (9188). The Debtors' address is 7158 S. FLSmidth Dr., Suite 250, Midvale, Utah 84047.

ACTIVE 685328251v3

Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a), 363(b), 363(c), and 503(c) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") and Bankruptcy Rule 6004.

## BACKGROUND

3. On August 30, 2022 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by each filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 14, 2022, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed five members to the Official Committee of Unsecured Creditors (the "**Committee**") in these Chapter 11 Cases. *See* Docket No. 66. On October 19, 2022, the U.S. Trustee amended the appointment of the Committee to four members. *See* Docket No. 231.

5. On October 17, 2022, the Court entered the *Order (I) Authorizing the Sale of Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Final Asset Purchase Agreement; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 224], approving the sale of substantially all of the assets of Debtors NewAge, Inc., Morinda, Inc., and Ariix LLC, as well as Morinda Holdings, Inc.'s equity, to DIP Financing (the "**DIP Financing Sale**"). On October 17, 2022, the Debtors closed the DIP Financing Sale.

6. On November 30, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures*

*for Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time, and Place for the Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan and Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 321].

7. On January 5, 2023, the Debtors filed the *Debtors' Third Amended Proposed Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 387] (the "**Plan**").

8. On January 6, 2023, the Court entered the *Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time, and Place for the Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan and the Deadline for Filing Objections Thereto and (F) Approving Related Notice Procedures* [Docket No. 385]. A hearing to consider confirmation of the Plan was held on February 24, 2023. At this hearing, the Court indicated it would confirm the Plan, subject to the submission of a revised form of order.

9. Additional information regarding the Debtors' business and operations, as well as the events precipitating the commencement of the Chapter 11 Cases, is set forth in the *Declaration of Lawrence Perkins as Chief Restructuring Officer of the Debtors in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Doc. No. 12] (the "**First Day Declaration**") and incorporated herein by reference.

10. On November 28, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order Enlarging the Time Within Which to File Notices of Removal* [Docket No. 310]. On December 20, 2022, the Court entered the *Order Enlarging the Time Within Which to File Notices of Removal* [Docket No. 360], extending the deadline by which the Debtors must file notices of removal under Bankruptcy Rule 9027(a) through and including February 27, 2023.

## RELIEF REQUESTED

11. By the Motion, the Debtors seek entry of an order enlarging the time within which the Debtors may file notices of removal under Bankruptcy Rule 9027(a) through the later of (i) April 28, 2023, which is sixty (60) days after the current deadline, or (ii) any later date prescribed by Bankruptcy Rule 9027(a)(2) and (a)(3), without prejudice to the rights of the Debtors to seek further extensions.

## BASIS FOR RELIEF REQUESTED

12. Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases. That provision provides, in relevant part:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

13. Bankruptcy Rule 9027 sets forth the time for filing of notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a) provides in pertinent part:

> (2) If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a

4

> trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.
>
> (3) If a claim or cause of action is asserted in another court after commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, or a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(2), (3).

14. Bankruptcy Rule 9006 permits the Court to enlarge the period to remove actions provided for by Bankruptcy Rule 9027. Bankruptcy Rule 9006(b) provides in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specific period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

15. It is well settled that bankruptcy courts are authorized to expand the removal period provided for by Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984) (*overruled on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124 (1995)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

16. Since the commencement of the Chapter 11 Cases, the Debtors and their advisors have devoted a significant amount of time and effort to ensuring a smooth transition into chapter 11 and to preserving and maximizing the value of the Debtors' estates for the benefit of all stakeholders. Among other things, the Debtors have been focused on myriad time-sensitive items, including preparing the schedules and statements of financial affairs, marketing the Debtors' assets and obtaining approval of bidding procedure and the sale of the Debtors' assets, formulating and

preparing the Debtors' plan of liquidation and disclosure statement in connection therewith, and obtaining confirmation of the Plan.

17.  As a result, the Debtors and their professionals have not yet completed their evaluation of which civil proceedings, if any, the Debtors should seek to remove to the Court pursuant to Bankruptcy Rule 9027(a). Accordingly, the Debtors believe that the most prudent and efficient course of action is to extend the removal period by sixty (60) days through April 28, 2023. The extension sought will afford the Debtors additional time to determine whether to remove any pending civil actions and will assure that the Debtors do not forfeit any valuable rights. In addition, the rights of the Debtors' adversaries will not be prejudiced by such an extension because such parties may not prosecute them absent relief from the automatic stay, and any party to an action that is removed may seek to have it remanded. The Debtors submit that extending the time by which the Debtors may file notices of removal is therefore warranted here.

## NOTICE

18.  Notice of the Motion has been provided to: (i) the U.S. Trustee; (ii) counsel to the Committee; and (iii) any party who has requested notice in the Chapter 11 Cases. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## PRIOR REQUEST

19.  As described above, this is the Debtors' second request to extend the time to remove civil actions in the Chapter 11 Cases.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

**CONCLUSION**

**WHEREFORE** the Debtors respectfully request that the Court grant this Motion, enter an order substantially in the form attached hereto as **Exhibit A**, and grant such other and further relief as is just and proper.

Dated: February 27, 2023

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

*/s/ Dennis A. Meloro*
Anthony W. Clark (DE Bar No. 2051)
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: Anthony.Clark@gtlaw.com
        Dennis.Meloro@gtlaw.com

-and-

Annette Jarvis (admitted *pro hac vice*)
Michael F. Thomson (admitted *pro hac vice*)
Carson Heninger (admitted *pro hac vice*)
222 S. Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900
Facsimile: (801) 303-7397
Email: JarvisA@gtlaw.com
        ThomsonM@gtlaw.com
        Carson.Heninger@gtlaw.com

-and-

Alison Elko Franklin (admitted *pro hac vice*)
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: Alison.Franklin@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*