UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NEWAGE, INC., *et al.*,[1] | Case No. 22-10819 (LSS) |
| Debtors. | (Jointly Administered) |
| | Response Deadline: April 21, 2023 at 4:00 p.m. (ET)<br>Hearing Date: May 3, 2023 at 10:00 a.m. (ET) |

### DEBTORS' LIMITED RESPONSE TO PURCHASER'S MOTION TO RECOGNIZE MODIFICATION OF DEBTORS' SCHEDULE OF CONTRACTS AND UNEXPIRED LEASES SUBJECT TO ASSUMPTION AND ASSIGNMENT

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") submit this limited response (the "**Limited Response**") to the *Purchaser's Motion to Recognize Modification of Debtors' Schedule of Contracts and Unexpired Leases Subject to Assumption and Assignment* [Doc. No. 610] (the "**Motion**"), filed by DIP Financing, LLC ("**DIP Financing**") and EYWA LLC ("**EYWA**", and, collectively with DIP Financing, the "**Purchaser**"). In support of this Limited Response, the Debtors respectfully state as follows:

### PRELIMINARY STATEMENT

1. By the Motion, the Purchaser seeks to modify *Schedule A - Executory Contracts and Unexpired Leases Subject to Assumption and Assignment* [Docket No. 214-1] (the "**Amended Schedule**") attached to the *Notice of Filing of Amended Schedule of Assumption and Assignment of Executory Contracts* [Docket No. 214] (the "**Notice of Amended Schedule**"). Specifically, the Purchaser seeks to remove a commercial lease (the "**Lease**") between Debtor NewAge, Inc. ("**NewAge**"), and WICP MT TECH 4, LLC (the "**Landlord**"), from the Amended Schedule and

---

[1] The last four digits of each of the Debtors' federal tax identification number are NewAge, Inc. (2263), Ariix LLC (9011), and Morinda, Inc. (9188). The Debtors' address is 7158 S. FLSmidth Dr., Suite 250, Midvale, Utah 84047.

permit the rejection of the Lease in accordance with the *Debtors' Third Amended Proposed Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 387] (as may be amended, supplemented or modified, the "**Plan**").

2.      While the Debtors do not oppose the Purchaser's removal of the Lease from the Amended Schedule and the rejection of the Lease pursuant to the Plan, the Debtors are concerned with any adverse impact that such rejection may have on the Debtors or their estates.

3.      The Debtors respectfully submit that, should the rejection of the Lease be approved by the Court, such rejection should not impose any claims or liability on the Debtors or the Estates, other than a general unsecured claim for rejection damages.

## BACKGROUND

### I.    The Chapter 11 Cases

#### A.  General Background

4.      On August 30, 2022 (the "**Petition Date**"), the Debtors commenced these cases (the "**Chapter 11 Cases**") by each filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the District of Delaware (the "**Court**").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  [Docket No. 34].

5.      The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 14, 2022, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed five members to the Official Committee of Unsecured Creditors (the "**Committee**") in the Chapter 11 Cases.  [Docket No. 66].  On October 19, 2022, the U.S. Trustee amended the appointment of the Committee to four members.  [Docket No. 231].

7. Additional information regarding the Debtors' business and operations, as well as the events precipitating the commencement of the Chapter 11 Cases, is set forth in the *Declaration of Lawrence Perkins as Chief Restructuring Officer of the Debtors in Support of the Debtors' Chapter 11 Petitions and Requests for First Day Relief* [Docket No. 12], incorporated herein by reference.

### B. The Sale to DIP Financing

8. On the Petition Date, the Debtors and DIP Financing entered into that certain Asset Purchase Agreement (the "**APA**"). [Docket No. 13-1, Ex. 2].

9. On August 31, 2023, the Debtors filed the *Motion of the Debtors for Entry of Orders (I) (A) Approving Bid Procedures for the Sale of Assets of the Debtors, (B) Approving Stalking Horse Agreement with Bid Protections, (C) Establishing Assumption and Assignment Procedures, (D) Establishing Notice Procedures, and (E) Granting Related Relief* (the "**Bid Procedures Motion**"); *and (II)(A) Authorizing the Sale of Assets of the Debtors Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 13] (the "**Sale Motion**"), seeking approval of a sale of the Debtor's assets (the "**Sale**").

10. At the hearing on September 20, 2022, the Court approved the Bid Procedures Motion and entered the *Order (A) Approving Bid Procedures for the Sale of Assets of the Debtors, (B) Approving Bid Protections, (C) Establishing Assumption and Assignment Procedures, (D) Establishing Notice Procedures, and (E) Granting Related Relief* [Docket No. 105] (the "**Bid Procedures Order**").

11. In connection with the Sale, the Debtors filed the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 110], which included a schedule (the

3

"**Schedule**") listing executory contracts and unexpired leases (the "**Assumed Contracts**") that were to be potentially assumed and assigned as part of Sale.

12.     On October 11, 2022, the Court held a hearing on the Sale Motion, and numerous objections were resolved with regard to the Schedule.

13.     On October 13, 2022, the Debtors filed the Notice of Amended Schedule [Docket No. 214] and attached the Amended Schedule of Assumed Contracts [Docket No. 214-1].

14.     On October 17, 2022, the Court granted the Sale Motion and entered the *Order (I) Authorizing the Sale of Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances, and Interests; (II) Approving the Final Asset Purchase Agreement; (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (IV) Granting Related Relief* [Docket No. 224] (the "**Sale Order**").

15.     The Sale Order approved the Final Purchase Agreement, including Amendments to the Final Purchase Agreement between the Debtors and the Purchaser attached as Composite Exhibit A to the Sale Order [Docket No. 224-1] (collectively, the "**Final Purchase Agreement**").

16.     The Sale Order also authorized the assumption and assignment of the Assumed Contracts listed on Exhibit B to the Sale Order [Docket No. 224-2]. These Assumed Contracts and the Assumed Contracts listed on the Amended Schedule of Assumed Contracts [Docket No. 214-1] both include the Lease.

17.     On October 17, 2022, the Debtors closed the DIP Financing Sale.

18.     On April 10, 2023, the Debtors filed the *Notice of Amendment to Asset Purchase Agreement* [Docket No. 611] (the "**Notice of Amendment**") providing notice that the Debtors, the Purchaser, and the Committee entered into the *Second Amendment to Asset Purchase Agreement* (the "**Second Amendment**") attached as Exhibit A to the Notice of Amendment.

19. The Second Amendment provides, among other things, that the Purchaser agrees to indemnify and hold harmless the Debtors, the Liquidation Trust (as defined in the Plan), and the Liquidation Trustee (as defined in the Plan) from and against any and all claims arising out of, in connection with, or by reason of the rejection of any executory contracts and unexpired leases that were previously assumed and assigned to the Purchaser (the "**Indemnification**"). Second Amendment, § IV.1.

C. **The Disclosure Statement and Plan**

20. On November 30, 2022, the Debtors filed the *Debtors' Motion for Entry of an Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time, and Place for the Hearing on Final Approval of the Disclosure Statement and Confirmation of the Plan and Deadline for Filing Objections Thereto, and (F) Approving Related Notice Procedures* [Docket No. 321].

21. On January 5, 2022, the Debtors' filed the *Debtors' Third Amended Proposed Combined Disclosure Statement* (as may be amended, supplemented or modified, the "**Disclosure Statement**") *and Joint Chapter 11 Plan of Liquidation* (as may be amended, supplemented or modified, the "**Plan**") [Docket No. 383].

22. On January 6, 2023, the Court entered the order approving the Disclosure Statement. *See Order (A) Approving the Disclosure Statement on an Interim Basis, (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Joint Plan of Liquidation, (C) Approving the Form of Ballot and Solicitation Materials, (D) Establishing Voting Record Date, (E) Fixing the Date, Time, and Place for the Hearing on Final Approval of*

*the Disclosure Statement and Confirmation of the Plan and the Deadline for Filing Objections Thereto and (F) Approving Related Notice Procedures* [Docket No. 385].

23. On March 1, 2023, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming and Modifying Debtors' Third Amended Proposed Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 527] (the "**Confirmation Order**") confirming the Plan attached as Exhibit A to the Confirmation Order.

24. Section 11.1 of the Plan addresses the general treatment of executory contracts and unexpired leases and provides:

> All executory contracts and unexpired leases to which the Debtors are a party are hereby rejected as of the Effective Date except for an executory contract or unexpired lease that (i) previously has been assumed pursuant to Final Order of the Bankruptcy Court, (ii) is specifically designated as an executory contract or unexpired lease to be assumed in this Plan or any Plan Supplement, or (iii) is the subject of a separate assumption motion filed by the Debtors under section 365 of the Bankruptcy Code prior to the Effective Date.

Plan, § 11.1; *see also* Confirmation Order at ¶ 11. Accordingly, the Plan provides for the rejection as of the Effective Date of all executory contracts and unexpired leases except for those previously assumed, designated to be assumed in the Plan, or subject to a separate assumption motion, if any.

**II.    The Lease**

25. On or about October 4, 2021, NewAge and the Landlord entered into the Lease for warehouse space located at 2632 W. 400, N. Lindon, Utah 84042.

26. The Lease is listed on Schedule 1.1(a) of Assigned Contracts (attached as Annex 1.1(a)), Schedule 1.1(d) of Acquired Leased Real Property (attached as Annex 1.1(d)), and Schedule 1.5(a) of Executory Contracts (attached as Annex 1.5(a)) attached to the Final Purchase Agreement [Docket No. 224-1].

27. The Lease is also included with the Assumed Contracts listed on Exhibit B to the Sale Order [Docket No. 224-2], as well as the Amended Schedule of Assumed Contracts [Docket No. 214-1].

28. The Purchaser has determined that "the Lease is improvident, burdensome to ongoing operations, and of no benefit to the Purchaser." Motion, at ¶ 9.

29. The Purchaser represents that "[t]he Debtors and the Purchaser have since agreed to amend Schedule 1.1(d) to remove the Lease from the effect of the APA, and similarly amend the Assumption Notice to remove the Lease, upon this Court's approval of same." *Id.*, at ¶ 10. While the Debtors have no objection to the Purchaser seeking the relief requested in the Motion, the Debtors object to any relief that may have an adverse impact on the Debtors or the Estates. Specifically, the Debtors have not agreed to the treatment of any related claims asserted by the Landlord as administrative expense claims.

30. As set forth in the Indemnification in the Second Amendment, the Purchaser has agreed to indemnify the Debtors, the Liquidation Trust, and the Liquidation Trustee, from any claims arising from the rejection of any unexpired leases that were previously assumed and assigned to the Purchaser, including the Lease. Second Amendment, § IV.1

**LIMITED RESPONSE**

31. The Purchaser seeks to remove the Lease from the Assumed Contracts listed on Exhibit B to the Sale Order [Docket No. 224-2], as well as the Amended Schedule of Assumed Contracts [Docket No. 214-1], so that the Lease is deemed rejected as of the Effective Date. The Debtors do not object to this relief, but the Debtors object to any liability that the Debtors or Estates might incur related to this relief, other than the Landlord's assertion of a general unsecured claim for rejection damages.

32. The Plan provides that, unless previously assumed or specifically designated as an unexpired lease to be assumed in the Plan or any Plan Supplement, the Lease is deemed rejected as of the Effective Date. Plan, § 11.1; *see also* Confirmation Order at ¶ 11. Accordingly, to the extent the Lease is removed from the Assumed Contracts listed on Exhibit B to the Sale Order [Docket No. 224-2] and the Amended Schedule of Assumed Contracts [Docket No. 214-1], the Debtors consent to the rejection of the Lease as of the Effective Date.

33. The Debtors do not consent to any additional obligations or postpetition liabilities from the rejection of the Lease, other than a general unsecured claim for rejection damages capped by 11 U.S.C. § 502(b)(6). While the Debtors acknowledge that the Purchaser is providing the Indemnification, any such rejection should not result in an allowable claim against the Debtors or the Estates having priority as an expense of administration over the claims of general unsecured creditors.

## RESERVATION OF RIGHTS

34. The Debtors expressly reserve the right to amend, modify, or supplement the Limited Response, and to raise further and other objections prior to or at the hearing

## NOTICE

35. Notice of the Limited Response will be provided to (i) counsel for the Purchaser, (ii) counsel for the Landlord; (iii) the U.S. Trustee; (iv) counsel to the Committee; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order sustaining this Limited Response and granting such other and further relief as the Court may deem just and appropriate.

Dated: April 21, 2023                                   GREENBERG TRAURIG, LLP

*/s/ Dennis A. Meloro*
Anthony W. Clark (DE Bar No. 2051)
Dennis A. Meloro (DE Bar No. 4435)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Telephone: (302) 661-7000
Facsimile: (302) 661-7360
Email: Anthony.Clark@gtlaw.com
          Dennis.Meloro@gtlaw.com

-and-

Annette Jarvis (admitted *pro hac vice*)
Michael F. Thomson (admitted *pro hac vice*)
Carson Heninger (admitted *pro hac vice*)
222 S. Main Street, Suite 1730
Salt Lake City, Utah 84101
Telephone: (801) 478-6900
Facsimile: (801) 303-7397
Email: JarvisA@gtlaw.com
          ThomsonM@gtlaw.com
          Carson.Heninger@gtlaw.com

-and-

Alison Elko Franklin (admitted *pro hac vice*)
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: Alison.Franklin@gtlaw.com

*Counsel for the Debtors and Debtors in Possession*