**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEWAGE, INC., *et al.*,[1] | Case No. 22-10819 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket Nos. 350, 397, 461, 446** |

**AGREED ORDER REGARDING KWIKCLICK INC.'S APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b)(1)(A), DEBTORS' OBJECTION TO CLAIM NO. 149 FILED BY KWIKCLICK, INC., AND OBJECTION OF KWIKCLICK, INC. DR. FRED W. COOPER AND MARK WILSON TO THE DEBTORS' THIRD AMENDED PROPOSED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF LIQUIDATION**

Upon (i) *Kwikclick Inc.'s Application for Administrative Expense Claim Under 11 U.S.C. § 503(b)(1)(A)* [Docket No. 350] (the "**Administrative Expense Request**"); (ii) *Debtors' Objection to (i) Claim No. 149 Filed by Kwikclick, Inc. and (ii) Kwikclick Inc.'s Application for Administrative Expense Claims Under 11 U.S.C. § 503(b)(1)(A)* [Docket No. 397] (the "**Objection**");[2] (iii) *Response to Debtors' Objection to Proof of Claim Filed by Kwikclick, Inc. [Doc. No. 149]* [Docket No. 461] (the "**Response**"); and (iv) *Objection of Kwikclick, Inc., Dr. Fred W. Cooper and Mark Wilson to the Debtors' Third Amended Proposed Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation* [Docket No. 446] ("**Plan Objection**"), and the Court having reviewed Claim No. 149 filed by Kwikclick, Inc. (the "**Kwikclick Claim**"), the administrative expense claim filed in the Administrative Expense Request (the "**Administrative Claim**"), the Objection and Plan Objection; and the Court having jurisdiction to consider the

---

[1] The last four digits of each of the Debtors' federal tax identification number are NewAge, Inc. (2263), Ariix LLC (9011), Morinda Holdings, Inc. (9756), and Morinda, Inc. (9188). The Debtors' address is 7158 S. FLSmidth Dr., Suite 250, Midvale, Utah 84047.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Objection.

ADMIN 684979967v2

Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this matter in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Administrative Expense Request and the Objection has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order (the "**Order**"), therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Kwikclick Claim, the Administrative Expense Request, the Objection, and the Response are consolidated with the adversary proceeding of *NewAge, Inc., Ariix LLC, Morinda Holdings, Inc., Morinda, Inc. v. Frederick Cooper, Mark Wilson, Brent Willis, Kwikclick, Inc.*, AP No. 22-50432 (LSS) (Bankr. D. Del. Oct. 7, 2022) (the "**Adversary Proceeding**").

2. The Debtors will deposit funds in the amount of $75,000.00 into an escrow account earmarked for the Administrative Expense Request that is established and maintained by the Liquidation Trustee. If Kwikclick prevails on its claims in the Adversary Proceeding, including the Administrative Expense Request, the funds will be paid to Kwikclick or offset against any liability of Kwikclick in the Adversary Proceeding. If Kwikclick does not prevail, the funds will be transferred to the Liquidation Trust. KwikClick's rights of setoff, including with respect to the Administrative Claim, the KwikClick Claim and any rejection claim filed by KwikClick pursuant to the *Debtors' Third Amended Proposed Combined Disclosure Statement and Joint Chapter 11*

*Plan of Liquidation* [Docket No. 387] (as amended, supplemented, or modified from time to time, the "**Plan**") shall not be extinguished or limited under the Plan, including the Plan as amended by ¶22 e. of the *Proposed Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Third Amended Proposed Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation and Granting Final Approval of Disclosure Statement* [Docket No. 503-1] (the "**Amended Proposed Confirmation Order**"). The rights of set off of Fred Cooper, Mark Wilson, Cooper Family Investments, LLC, and Wilson Family Holdings, if any, shall not be extinguished or limited under the Plan including under the Plan as amended by ¶22 e. of the Amended Proposed Confirmation Order.

       3.       The Debtors and Stretto are authorized to take all actions necessary and appropriate to give effect to the Order.

       4.       Stretto is authorized to modify the Claims Register to reflect the relief granted by the Order.

       5.       Nothing set forth herein shall affect the rights of the Debtors, the Committee, the Liquidation Trustee, and/or the Claimants with respect to the Kwikclick Claim, Administrative Claim, Wilson Family Holdings Claim, and Cooper Family Investments, LLC Claim and those rights are reserved, including, for the avoidance of doubt, the rights of the Debtors, the Committee, and/or the Liquidation Trustee (to be appointed pursuant to the Plan) to object to the Kwikclick Claim or the Administrative Claim, the Wilson Family Holdings Claim or the Cooper Family Investments LLC Claim on any grounds permitted by bankruptcy or nonbankruptcy law.

       6.       Notwithstanding the relief granted in this Order or any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any particular claim or interest (including the Kwikclick Claim, Administrative Claim, the Cooper

ADMIN 684979967v2

Family Investments, LLC Claim and the Wilson Family Holdings Claim) against the Debtors; (b) a waiver of the rights of the Debtors, the Committee, and/or the Liquidation Trustee (to be appointed pursuant to the Plan) to dispute any particular claim or interest (including the Kwikclick Claim, Administrative Claim, Cooper Family Investments, LLC Claim and Wilson Family Holdings Claim) on any grounds; (c) a waiver or release of any right, claim, defense, or counterclaim of the Debtors, or to estop the Debtors from asserting any right, claim, defense, or counterclaim; (d) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; (e) as an admission that any obligation is entitled to administrative expense priority status or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise; (f) a promise or requirement to pay any particular claim (including the Kwikclick Claim, the Administrative Claim, the Cooper Family Investments, LLC Claim and the Wilson Family Holdings Claim); (g) an implication or admission that any particular claim (including the Kwikclick Claim, the Administrative Claim, the Cooper Family Investments, LLC Claim and the Wilson Family Holdings Claim) is of a type specified or defined in the Objection; or (h) a waiver or limitation of the rights of the Debtors, the Committee, and/or the Liquidation Trustee under the Bankruptcy Code or any other applicable law, including any rights they may have to: (1) to bring avoidance actions under the applicable sections of the Bankruptcy Code against claimants subject to the Objection; or (2) exercise their rights of setoff against claimants relating to such avoidance action.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of the Order shall be immediately enforceable and effective upon its entry.

ADMIN 684979967v2

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

**Dated: May 4th, 2023**
**Wilmington, Delaware**
ADMIN 684979967v2

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE